UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD RHONE,

    Plaintiff,                                           Case Number 2:16-cv-10795

v.                                                    Honorable Arthur J. Tarnow

WAYNE COUNTY PROSECUTOR
OFFICE, et al.,

    Defendants.
_____/

**ORDER OF SUMMARY DISMISSAL**

Plaintiff Edward Rhone, a state inmate incarcerated at the Michigan Refromatory, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. The Court granted Plaintiff's application to proceed in forma pauperis, and he is proceeding without prepayment of the filing fee in this action under 28 U.S.C. § 1915(a)(1). After careful consideration, the court summarily dismisses the complaint.

**I. BACKGROUND**

Plaintiff is incarcerated as a result of his Wayne Circuit Court jury trial conviction of second-degree murder, MICH. COMP. LAWS § 750.317, possession of a firearm by a felon, MICH. COMP. LAWS § 750.224f, and use of a firearm during the commission of a felony. MICH. COMP. LAWS § 750.227b). As a result of these convictions, Plaintiff is currently serving an effective sentence of 62-to-92 years.

The complaint names the Wayne Country Prosecutor Officer, APA Rajesh Krish Prasad, a John Doe defense attorney, detective Derryck Thomas, and magistrate judge Sidney Bartwell, Jr.,

as parties defendant. The complaint alleges that the two warrants issued to effectuate his arrest and the search of his home were illegal, and that the state magistrate judge acted as a "rubber stamp." The complaint goes on to allege in very general terms that the defendants conspired to violate his constitutional rights during the criminal proceedings against him. The complaint does not state that the prosecution resulted in his conviction, but Plaintiff has attached the Wayne Circuit Court docket sheet for his criminal case which shows that he was convicted of the above-recited offenses after a jury trial. The Michigan Department of Corrections website confirms this information. Plaintiff seeks to remove his criminal case to federal court, and he seeks monetary damages.

## II. STANDARD

Civil rights complaints filed by a pro se prisoner are subject to the screening requirements of 28 U.S.C. § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000). Section 1915(e)(2) requires district courts to screen and to dismiss complaints that are frivolous, fail to state a claim upon which relief can be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *McGore v. Wigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997). A complaint is frivolous and subject to sua sponte dismissal under § 1915(e) if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A plaintiff fails to state a claim upon which relief may be granted, when, construing the complaint in a light most favorable to the plaintiff and accepting all the factual allegations as true, the plaintiff undoubtedly can prove no set of facts in support if his claims that would entitle him to relief. *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Cline v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1996); *Wright v. MetroHealth Med. Ctr.*, 58 F.3d 1130, 1138 (6th Cir. 1995).

In addition, "a district court may, at any time, dismiss sua sponte a complaint for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)(*citing Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)).

### III. DISCUSSION

Plaintiff essentially asserts that his constitutional rights were violated during his state prosecution because his warrants were invalid and the defendants–most of the people involved in his prosecution–conspired against him. A judgment in favor of Plaintiff in this action would, therefore, necessarily require a finding that his continued confinement is the result of an invalid conviction. In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court held such claims to be improper under 42 U.S.C. § 1983:

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless plaintiff can demonstrate that the conviction or sentence has already been invalidated.

A petition for a writ of habeas corpus provides the appropriate vehicle for challenging the fact or duration of a prisoner's confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 486-87 (1973). Plaintiff filed a habeas action in this Court prior to his conviction becoming final, and it was dismissed on exhaustion grounds. See *Rohne v. Wayne County Prosecutor*, Eastern District of Michigan No. 13-cv-15266 (January 13, 2014). It is unknown based on Plaintiff's allegations whether Plaintiff exhausted his state court remedies following his convictions and is now in a position to file a petition under 28 U.S.C. § 2254.

In any event, the Court cannot convert this matter into a second petition for a writ of habeas corpus. When a suit that should have been brought under the habeas corpus statute is prosecuted instead as a civil rights suit, it should not be "converted" into a habeas corpus suit and decided on the merits. *Pischke v. Litscher*, 178 F. 3d 497, 500 (7th Cir. 1999). Instead, the matter should be dismissed, leaving it to the prisoner to decide whether to refile it as a petition for writ of habeas corpus. *Id.* Moreover, *Heck* clearly directs a federal district court to dismiss a civil rights complaint which raises claims that attack the validity of a conviction; it does not direct a court to construe the civil rights complaint as a habeas petition. *See Murphy v. Martin,* 343 F. Supp. 2d 603, 610 (E.D. Mich. 2004).

Nothing in this Opinion should be interpreted by Plaintiff to prevent him from properly filing a habeas petition under § 2254.

For the foregoing reasons, the complaint is **DISMISSED** pursuant to Fed.R.Civ.P. 12(b)(1). **SO ORDERED**.

                                               S/Arthur J. Tarnow
                                               Arthur J. Tarnow
                                               Senior United States District Court

Dated: March 21, 2016